BROCKENBROUGH, J.,
stated the Case, and delivered the opinion of the Court:
This was an action of assault and battery against the Defendant, Turner, and (a Justice of the Peace, on proper affidavit made, having directed bail to be given by him, in the penalty of $100,) Mason became his appearance bail, and both of them executed a bail bond, in the above penalty. The appearance bail defended the suit for the Defendant, Turner, and pleaded the general issue, on the trial of which a verdict was rendered for the Plaintiff, for $500 damages. The Superior Court of Loudoun, before which the trial was had, doubted whether the judgment should be rendered against the said bail for the whole sum assessed by the jury, or for the amount of the penalty of his bond only, and adjourned that question to this Court.
There are certain actions in which bail is demandable as of right; others, in which it cannot be so required, but the Plaintiff may, in such cases, on making a proper affidavit, obtain a direction from a Judge, or Justice, that bail shall be required. In both cases, the bail must execute a bond, and the bond, or a copy thereof, must be returned by the Sheriff with the writ. In the first class of cases, the amount of the penalty of the bail bond is fixed by the 'sum claimed in the writ, which being ascertained, leaves no discretion with the Sheriff: the uniform practice in such case, has *been to make the penalty of the bail bond double the amount of the sum demanded by the writ. In the second class of cases, there is more difficulty. Who shall decide on the penalty of the bail bond? If the Plaintiff is allowed to fix the penalty, then, in all cases of tort, and others, sounding in damages, he will have it in his power to oppress the Defendant. The power ought not to be entrusted to the Sheriff, who is a mere ministerial officer, and would probably be regulated by the amount of damages demanded by the writ, and thus would be the instrument of the Plaintiff’s vindictive feelings. It is the opinion of the Court, that the Law requires that the Judge or Justice should, when he directs bail, fix the penalty of the bond, and in doing so, that he should be governed by the circumstances of the case. When the bond has been executed according to the directions of the Judge, or Justice, it becómes equally .as obligatory as the bond executed in those cases where the.bail is de-mandáble of right.
In the Case before us, the question is, what judgment shall be rendered against the bail, the damages assessed being greater than the penalty of the bond ? Shall the whole damages be adjudged against the bail, as well as the Defendant, or only so much of the damages as shall be equal to his bond ?
It is undoubtedly true, as a general principle, that in bonds, either for the payment of money, or for collateral undertakings, the surety cannot be bound for more than the penalty of his bond, and if there is any case in which he can, by Law, be required to pay more, the Law authorising it ought to be so clear and unequivocal, that no scintilla of doubt should remain. It has been supposed, that this additional obligation has been imposed on him by the Act of Assembly, to be found in 1 Rev. Code of 1819, ch. 128, § 45. The first part of that section directs that where bail shall have been required, the Sheriff shall return on the writ the names of the bail, and the bail bond, or a copy thereof, on the day of appearance. It then proceeds : “And if the Defendant shall fail to appear accordingly, and give special bail, the bail for appearance may defend the suit, and shall be subject to the same judgment and recovery as the Defendant might or would be subject to, if he had appeared, and given special bail.”
The opinion of the Court is, that this provision of the Law, which has been in force ever since 1753, if not before, *was intended to give a more summary remedy against the bail than was given by the English Law. Instead of directing the Sheriff to assign the bail bond to the Plaintiff, who might maintain an action of debt upon it, our Act directs the bail bond to be returned to the office, and when the Defendant is in default, and fails to give special bail, that the judgment shall be rendered forthwith, and jointly against both Defendant and bail, and it gives to the bail the liberty of defending the action, in which case likewise, the judgment is to be rendered against the bail, as well as the Defendant, without turning round the Plaintiff to an action on the bail bond.
The circumstances of the penalty of the bail bond being less than the judgment, probably did not enter into the contemplation of the Legislature: it never could happen in those cases where bail was demandable of right, and when this Law was first passed, these were the only cases in which' bail could be taken. And in those cases in which bail may be directed by a Judge, or Justice, it probably did not occur that it could .ever happen, since the said Judge, or Justice, when he listened to the representation of the Plaintiff alone, would not probably fix upon a smaller sum than the jury would assess, after hearing both sides. It is not, therefore, to be presumed, that the Legislature intended to provide for so improbable an event.
The whole section is to be taken together, and ought to be so construed, as to reconcile each part, if practicable ; and ought not to be so construed, as to render one part of the provision nugatory.
That part of the Act, which directs that bail shall be given, and that the bail shall give bond, pre-supposes that a penalty should be fixed before the bail should execute it. But, if the bail can afterwards be subjected to a judgment for a higher sum than he bound himself for, where was the use, or the propriety, in binding him in a certain fixed sum ? Instead of authorising a bond with a *261 fixed penalty, the Act would have directed that the appearance bail (like the special bail), should undertake to pay the amount of the judgment, whatever it might be, in default of the Defendant’s appearance.
Upon the whole matter, the Court is of opinion, that the bail cannot, in this case, more than in any other, be adjudged to pay more than the penalty of his bond, and the following is to be entered as the judgment of the Court:
*“ This Court doth adjudge, and decide, that the Superior Court of Lou-doun county ought to render a judgment against Bailey Turner, the Defendant, and William T. T. Mason, the bail for his appearance, for the sum of $100, part of the damages assessed by the jury, that being the amount of the penalty of the bail bond, and for $400, the residue of the said damages, against the said Bailey Turner, the Defendant which is ordered to be certified, &c.